# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE PHONE NUMBER SERVICED BY GRASSHOPPER GROUP, LLC C/O LOGMEIN, INC. | ML No.  19-ML-1306 |

*Reference:*    *DOJ Ref. # CRM-182-66616; Subject Account: (775) 332-0274*

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, *opened for signature* Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Portuguese Republic ("Portugal"). The proposed Order would require Grasshopper Group, LLC c/o LogMeIn, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Boston, Massachusetts, to disclose certain records and other information pertaining to the PROVIDER account associated with (775) 332-0274, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.[1] The records and other information

---

[1] On July 3, 2019, in Case No. 1:19-ml-751, the Court granted the government's original application and ordered Fusion Connect, Inc. to produce the documents as outlined in Part II of Attachment A to the Court's Order. Fusion Connect, Inc. responded to the served Order and stated that it did not in fact have the requested records during the time period referenced in subsection B of Part II of Attachment A. As a reseller, Fusion Connect, Inc. confirmed that it stopped servicing this phone number at the end of 2016 and the phone number reverted back to the original seller, Verizon Communications Inc. In turn, Verizon Communications Inc. informed the government that Grasshopper Group, LLC c/o LogMeIn, Inc. serviced the account associated with (775) 332-0274 during the operable time period. This application seeks the same records requested in the government's original filing, but from Grasshopper Group, LLC c/o LogMeIn, Inc.

to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Portugal's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of

International Affairs,[2] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Portugal in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Portugal are investigating an unknown suspect(s) for fraud offenses, which occurred from January 2018 to March 19, 2018, in violation of the criminal law of Portugal, specifically, Articles 217 and 218 of the Criminal Code of Portugal. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from Portugal to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Convention, the United States is obligated to render assistance in response to the request.

---

[2] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

6.      According to authorities in Portugal, a Portuguese luxury car collector ("victim") hired a consultant to search for new luxury automobiles and advise on the purchase of these automobiles.  In January 2018, the consultant saw an online advertisement for an automobile made by Ferrari in the amount of EUR 825,000 (approximately USD 990,000) on a German website.

7.      With the victim's approval, on January 22, 2018, the consultant contacted an unknown person identified in the advertisement as Regina Meier ("Meier"), by sending an e-mail message to the listed e-mail account r.meier@luxuryandexoticcarbroker.com.  Meier informed the consultant by e-mail that she only handled customs clearance and vehicle registration in Germany and that the vehicle was located in Montana.  In order to purchase the vehicle, Meier advised the consultant to contact Brad Johnson ("Johnson") through the e-mail address sales@luxuryandexoticcarbroker.com.  According to Meier, Johnson represented the company LEC Broker and could assist with the purchase of the vehicle.

8.      The consultant communicated with Johnson by first sending a message to the e-mail address sales@luxuryandexoticcarbroker.com, and also subsequently calling the phone number **(775) 332-0274**.  After several e-mail messages and phone calls, the consultant and Johnson agreed to a purchase price of USD 800,000.  The victim signed a purchase agreement that included a provision where the victim would pay ten percent of the vehicle's cost as a deposit before the vehicle could be seen and inspected.  Accordingly, the consultant on behalf of the victim, transferred USD 80,000 to a bank account provided by Johnson.

9.      On March 11, 2018, the consultant flew to Great Falls, Montana in order to inspect the vehicle.  However, a representative from LEC Broker did not appear at the agreed-upon location and the consultant's calls to the phone number **(775) 332-0274** went unanswered.

The purchase agreement indicated that LEC Broker was located at 798 Industrial Park Drive, Carson City, Nevada. The consultant traveled to this address in Nevada and found an empty parking lot.

10. Suspecting fraud, the consultant went to the Carson City Sheriff's Office, where he made a statement. According to Portuguese authorities, the Sheriff's Office indicated that other individuals had filed similar complaints pertaining to the company LEC Broker and the aforementioned address.

11. The victim filed a criminal complaint with Portuguese authorities on March 19, 2018. The consultant provided Portuguese authorities with the documents sent by LEC Broker and access to his e-mail account.

12. To identify the unknown suspect(s) and further their investigation, Portuguese authorities request certain records for the phone number (**775) 332-0274**.

13. The provider that services the phone number (**775) 332-0274** is PROVIDER.

## **REQUEST FOR ORDER**

14. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Portugal identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

    Respectfully submitted,

    VAUGHN A. ARY
    DIRECTOR
    OFFICE OF INTERNATIONAL AFFAIRS
    OK Bar Number 12199

By: _/s/ Jason F. Cunningham_____
    Jason F. Cunningham
    Trial Attorney
    MA Bar Number 673495
    Office of International Affairs
    Criminal Division, Department of Justice
    1301 New York Avenue, N.W., Suite 800
    Washington, D.C.  20530
    (202) 616-3596 telephone
    (202) 514-0080 facsimile
    Jason.Cunningham@usdoj.gov

## Relevant Provisions of the Criminal Code of Portugal

**Article 217 – Swindling**

1. Who, with the intention of obtaining for himself or for [another] the illegitimate enrichment, by mistake or mistake facts that he has astutely provoked, to determine others to commit acts that causes him, or to cause another person property damage, shall be imprisoned up to three years or with a fine.

    …

**Article 218 – Qualified Fraud**

1. Any person who practices the act referred to paragraph 1 of the preceding article shall be punished, if the pecuniary loss is of value, with up to five years imprisonment or a fine up to 600 days.

2. The penalty is imprisonment of two to eight years if:
    a. The property damage is of a considerable high value;
    …